New Jersey Department of Labor,
Workmen's Compensation Bureau.

HAZEL B. MERGELSBERG, PETITIONER, v. BRICK CHURCH BUICK CO., A CORPORATION, AND AMERICAN MUTUAL LIABILITY INSURANCE CO., RESPONDENT.

Decided November 18, 1940.

For the petitioner, *Jack Wolf* (by *David Roskein*).

For the respondent, *James J. Carroll*.

\*　　\*　　\*　　\*　　\*　　\*　　\*

From the testimony adduced, and the stipulations of counsel, I find that on October 28th, 1939, Frank Henry Mergelsberg, husband of the petitioner, was in the employ of the Brick Church Buick Co. as a manager of the Buick car service department. In the evening of that day, about ten-thirty P. M., the decedent arrived at the Sussex avenue armory in Newark, New Jersey, for the purpose of removing a Buick automobile which was on exhibition at·the automobile show being conducted at the said armory. The show was in the process of closing and the exhibitors were in the act of removing their automobiles from the showroom floor. Under the rules and regulations under which the show was operating, the batteries were detached from the cars and all gasoline removed from the tanks. It was therefore necessary that the automobiles be removed from the said showroom floor by pushing them to the entrance door where the batteries were

installed and the tanks of the automobiles filled with gasoline. The cars would then enter upon the public street and eventually be directed to their places of destination.

The Buick exhibit was at the rear end of the armory building, a distance of about one city block from the place of exit. The petitioner's decedent and two other men were in the act of pushing the said car from the place of exhibition to the front exit. The car was so situated that it had to be shoved backward and forward and shifted into several positions before it could reach the lane leading to said exit. During such maneuvering the decedent was on the left side of the car pushing the same with his left hand and holding on to the wheel with his right hand, steering same as necessity would require. During part of these maneuvers the car was stationed on a rug which was continually slipping, and on other occasions, the car was being pushed on a center lane of a wooden floor. This work required the exertion of three men. The testimony stands uncontradicted that the air in said tires was low and so made it difficult to move the car. Considerable noise and excitement were prevalent and there was an atmosphere of hurry and rush as is expected under circumstances such as prevailed at the closing of an automobile show with the desire of the exhibitors to remove from the show as quickly as possible their products. That it required considerable effort and strain in moving the said automobile under the prevailing conditions is clear. As the car was about 200 feet from the exit door Frank Mergelsberg was seen to slump to the floor and his right hand was seen leaving the wheel. He collapsed to the floor and died. He was pronounced dead upon the arrival of an ambulance interne. An autopsy was performed by Dr. Harrison S. Martland which disclosed (1) that the right coronary was completely blocked with an organized thrombus; that (2) there was present numerous atheromata in both coronary arteries; and that (3) there were numerous hyaline scars in the posterior half of the interventricular septum.

Dr. Asher Yaguda appeared on behalf of the petitioner and he stated that the cause of the decedent's death was acute dilatation of the heart due to an over-exertion and that in all

probability the over-exertion was the effort expended by the decedent in moving the automobile immediately prior to his death.

There is no doubt in my mind that the proofs more than adequately support the fact that the decedent had a coronary atherosclerosis and had some time prior to the accident which resulted in his death suffered an occlusion of the right coronary artery. Dr. Martland's findings and autopsy are to this effect. From the testimony of Dr. Yaguda we find that such an underlying condition might exist without producing any symptoms and whether or not Mr. Mergelsberg knew of his coronary disease is of no importance. The undisputed evidence is conclusive that the over-exertion of the decedent in moving the heavy automobile was the cause of the dilatation of the heart and the precipitating cause of his death, and I so find. The petitioner's decedent put a strain upon his damaged heart muscle in pushing the automobile and as a result developed an acute heart failure and died.

The rule of law applicable to the situation here presented was enunciated in *Bernstein Furniture Co.* v. *Kelly,* 115 *N. J. L.* 500; 180 *Atl. Rep.* 832, to be that an accidental strain of a heart, which was previously weakened by disease, may be a compensable injury under our statute where the accident arose out of and in the course of the employment. There the decedent's work was that of delivering and moving furniture and while delivering some furniture from a truck he carried a heavy settee up several flights of stairs to the fourth floor of a house where the furniture was to be delivered, put it down at a designated point within the apartment, went over to the window, slumped over and died. There was no impact or striking of his body or head as he fell. This occurrence was held by our court of last resort to be an accident within the meaning of the Workmen's Compensation act and that the death was held to be one resulting from an accident arising out of and in the course of the employment.

In *Hentz* v. *Janssen Dairy Corp.,* 122 *N. J. L.* 494; 6 *Atl. Rep.* (*2d*) 409, the deceased, employed as a milk truck driver and delivery man, while ascending a hill to return to his truck after making a delivery, felt a sharp pain in his side.

It appeared that he suffered a coronary thrombosis and died shortly thereafter. The Court of Errors and Appeals held that there was no doubt that he suffered a strain of the heart in the course of his employment and that it made no difference that his heart had been weakened by the strain of work over a long period of time prior to the occurrence. An award of compensation was granted to his widow. Similarly the same court ruled in *Bollinger* v. *Wagaraw Building Supply Co.,* 122 *N. J. L.* 512; 6 *Atl. Rep.* (2d) 396, that death from disease alone *during* the employment will not suffice but injury or death which on proofs that are sufficient and persuasive, would not have occurred but for the services rendered in the employment, amount to injury by accident.

The undisputed proofs in this case clearly indicate that I find, that but for the efforts that were put forth by the decedent in moving the automobile on the day in question, and the exertions expended by him incident thereto, his death would not have occurred at the time, date and place that it did occur. The uncontroverted medical testimony adduced by the petitioner in this regard, adequately supports this conclusion. The evidence presented on behalf of the petitioner, clearly indicates that the exertion and strain which the decedent engaged in at the time that he endeavored to and did move the automobile, are related and connecting links in the chain of causation that resulted in the heart attack and death, and I so find.

\*  \*  \*  \*  \*  \*  \*

JOHN C. WEGNER,
*Deputy Commissioner.*